IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA G. CHOINIERE,

    Plaintiff,

vs.	Civ. No. 00-328 JP/RLP

PRESBYTERIAN HEALTHCARE
SERVICES, INC., a New Mexico
corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 12, 2001, the Plaintiff filed a Motion to Waive the Deadline for Amending the Pleadings Set Forth in the Provisional Discovery Plan (Doc. No. 58) and a Motion to Amend to Conform to Evidence (Doc. No. 54). Having reviewed the briefs and relevant law, I find that both motions should be denied.

A. Background

The Plaintiff moves the Court to waive the pleading amendment deadline set forth in the Provisional Discovery Plan (Doc. No. 6) so that the Court can consider her Motion to Amend to Conform to Evidence. The Provisional Discovery Plan indicates that any amendments to the pleadings were to be served by May 10, 2000. The Provisional Discovery Plan also indicates at ¶3 that the "Plaintiff has a pending EEOC charge and reserves the right to move to amend the Complaint depending on the outcome of that proceeding."

The Plaintiff wants to amend her Family Medical Leave Act retaliation count to include the alleged fact that the Defendant refused to hire her for a position for which she was qualified. The Initial Pretrial Report (Doc. No. 12), filed May 30, 2000, contains that alleged fact. The

issue of retaliation based on a refusal to hire the Plaintiff also arose in the Plaintiff's June 23, 2000 answers to Defendant's First Interrogatories Numbers 2, 4, and 9.  In addition, the Defendant notified the Plaintiff on October 13, 2000 that she would not be hired as a project manager, a position the Plaintiff believes she is qualified to perform.

On May 31, 2000, the Plaintiff filed with the New Mexico Human Rights Division a charge of unlawful discrimination based on the alleged refusal to hire the Plaintiff. On October 30, 2000, the New Mexico Human Rights Division issued a Determination of No Probable Cause on that charge of discrimination.  Following the issuance of the Determination of No Probable Cause, the Plaintiff filed a state lawsuit on November 27, 2000 alleging that the Defendant violated the New Mexico Human Rights Act by not hiring her for a position for which she was qualified.

B.  Discussion

Fed. R. Civ. P. 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause...."  The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)(citations omitted).  Carelessness does not constitute diligence.  *Id*. (citations omitted). Furthermore, "[a]lthough the existence or degree of prejudice to the party opposing the modification [to the scheduling order] might supply additional reasons to deny a [Rule 16(b)] motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted).

The parties submitted the Initial Pretrial Report to the Court on May 10, 2000, the deadline for serving pleading amendments. The Initial Pretrial Report contains the Plaintiff's allegation that the Defendant refused to hire her for positions she was qualified to perform.  The

Plaintiff, therefore, must have known before the May 10, 2000 pleading amendment deadline that her retaliation claim could also be supported by the refusal to hire allegation.

Although the Initial Pretrial Report mentions reserving the right to amend the Complaint upon the completion of a pending EEOC proceeding, this reservation does not support a finding of diligence on the Plaintiff's part with respect to the refusal to hire retaliation allegation. The Plaintiff did not file an EEOC charge involving that allegation until May 31, 2000. That particular EEOC charge was, therefore, not pending when the Initial Pretrial Report was filed on May 30, 2000. Consequently, I cannot find that the Plaintiff contemplated in the Initial Pretrial Report reserving the right to amend the Complaint upon the completion of the EEOC proceeding pertaining to the May 31, 2000 charge of discrimination.

Furthermore, the Plaintiff's request to amend her complaint in this federal court action so close to the trial date of March 5, 2001 would require an extension of pretrial deadlines and delay the trial setting. This additional time and expense for the Defendant to prepare for trial is prejudicial to the Defendant. *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999)("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). The Plaintiff has failed to offer an adequate explanation for her failure to amend the Complaint by May 10, 2000. I, therefore, conclude that the Plaintiff has not shown good cause to modify the Provisional Discovery Plan's deadline for serving pleading amendments. Moreover, the Plaintiff will have her refusal to hire retaliation claim decided in state court under the New Mexico Human Rights Act.

IT IS ORDERED that Plaintiff's Motion to Waive the Deadline for Amending the Pleadings Set Forth in the Provisional Discovery Plan (Doc. No. 58) is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend to Conform to Evidence (Doc. No. 54) is denied as moot.

_____
CHIEF UNITED STATES DISTRICT JUDGE