IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA G. CHOINIERE,

        Plaintiff,

    vs.                                                      CIVIL NO. 00-328 JP/RLP

PRESBYTERIAN HEALTHCARE
SERVICES, INC., a New Mexico
corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on Plaintiff's Motion to Amend to Conform to Evidence **(Docket No. 54)** and Plaintiff's Motion to Waive the Deadline for Amending the Pleadings Set Forth in the Provisional Discovery Plan **(Docket No. 58)**, the court having read the motions, the memoranda in support of and in opposition to the motions and otherwise being fully advised, finds that the motions are not well taken and will be **denied.**

Plaintiff seeks to file an amended complaint which is attached to her Motion to Amend to Conform to Evidence. Plaintiff's original complaint alleges a claim for retaliation in Count II. Plaintiff alleges the retaliation occurred when she was terminated from her employment on December 31, 1999. Plaintiff now seeks leave of court to expand her claim of retaliation to include Defendant's refusal to consider or hire her for project manager positions subsequent to her termination.

Defendant opposes the motion to allow amendment on the following eight grounds:

1. The motion to amend is untimely. The court's Initial Scheduling Order required that any amendments be filed five days prior to the scheduling conference. The scheduling conference occurred on May 17, 2000.

2. The motion to amend has been unreasonably delayed. Defendant points out that Plaintiff mentioned the post-termination retaliation in the Initial Pre-Trial Report filed on May 30, 2000, but did not file her motion to amend until January 12, 2001, almost eight months later.

3. Defendant did not anticipate the new claim of retaliation.

4. The proposed amendment would interject new factual and legal issues on liability and damages. Defendants argue the selection process is altogether different for the project manager position from the process used in eliminating Plaintiff's position as a sales director.

5. Defendant served its motion for summary judgment on December 13, 2000. Plaintiff served her motion to amend on December 26, 2000.

6. The proposed amended complaint would adversely affect the court's schedule. Most of the pre-trial deadlines have passed and trial is set for March 5, 2001.

7. Defendant would be prejudiced because of the necessity for additional discovery, preparation, motion practice, and the time and expense associated with extended proceedings.

    8.    Plaintiff will not be prejudiced by denial of the motion because Plaintiff has filed a tandem action in state district court.

The pre-trial proceedings in this case have been substantially completed. The discovery deadline was October 16, 2000. The dispositive motion deadline was January 12, 2001. The Pre-Trial Order was submitted to the court on January 29, 2001. This matter is set for a calendar call on March 1, 2001 and jury selection and trial is currently set for March 5, 2001. To allow Plaintiff to raise a wholly new cause of action based upon a retaliation theory would require the reopening of discovery and the rescheduling of motions and other pre-trial deadlines.

As a general rule, motions to amend the pleadings in a fashion which materially alter the theories upon which the case will be tried should be denied when made after the close of discovery and shortly before trial. *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218 (8th Cir. 1994); *CL-Alexanders Laing & Cruickshank v. Goldfeld,* 739 F.Supp. 158 (S.D. NY 1990). The rationale behind this general rule is based upon the obvious prejudice to the opposing party inherent in such a late - filed motion. *Ansam Assoc., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2nd Cir. 1985).

Although a liberal construction of Fed.R.Civ.P. 15 is necessary to insure that claims are resolved on the merits, rather than on technicalities, it is important to carefully consider a request to amend pleadings so that prejudice does not result to any party. Given the late nature of this request, it is crystal clear that prejudice will result to Defendant should amendment be allowed. Both parties admit that the motion to amend is untimely. Further,

it is clear that the motion to amend could have been presented well inside the pre-trial deadlines. Given the nature of this employment claim, Defendant was prepared throughout the course of the pre-trial proceedings to address Plaintiff's complaints regarding discharge and not the plaintiff's complaints regarding the failure to consider her for subsequent hiring in a job different from the one that she held at the time of her discharge. As Defendant correctly points out in her memorandum in opposition, the proposed amendment would simply interject wholly new factual and legal issues on both liability and damages that were not heretofore explored in these pre-trial proceedings. Therefore, the court concludes that amendment is barred pursuant to Fed.R.Civ.P. 15(a).[1]

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Amend to Conform to Evidence is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waive the Deadline for Amending the Pleadings Set Forth in the Provisional Discovery Plan is denied.

---

[1] Plaintiff chose to file two motions to raise the issue of the propriety of a late request for amendment. The Motion to Amend to Conform to Evidence argued for the applicability of Fed.R.Civ.P. 15(b). This part of Rule 15 is not applicable since the issues raised by Plaintiff have not been presented to a trier of fact. Further, Plaintiff's Motion to Waive the Deadline for Amending the Pleadings Set Forth in the Provisional Discovery Plan referenced Fed.R.Civ.P. 16(b) and the "good cause" standard for modifying a pre-trial scheduling date. This standard is also not applicable. Given the fact that Plaintiff, through both motions, seeks an amendment to her complaint, it is clear that Rule 15(a) is the rule that governs the issue before the court.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge

J. Edward Hollington, Esquire - Attorney for Plaintiff
Robert C. Conklin, Esquire - Attorney for Defendant