## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LINDA G. CHOINIERE,

       Plaintiff,

vs.                                      No.  CV 00-328 JP/RLP

PRESBYTERIAN HEALTHCARE SERVICES, INC.,
a New Mexico corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

On March 20, 2001 Plaintiff filed a Motion to Reconsider and Set Aside the award of costs to Defendant (Doc. No. 71), and on March 26, 2001 Plaintiff filed her Objections To Defendant's Cost Bill and Motion To Tax Costs (Doc. 72).  After carefully considering the pleadings and arguments of counsel, I find that the motion to reconsider should be GRANTED, and that the objections should be SUSTAINED IN PART and OVERRULED IN PART.

Defendant Presbyterian Healthcare Services ("PHS") prevailed in its motion for summary judgment; a final summary judgment in its favor was filed on February 12, 2001.  The Court denied PHS's request for an award of attorney fees in connection with the motion for summary judgment.  On February 28, 2001 PHS filed its motion to tax costs and its cost bill, and served these pleadings on Plaintiff.  On March 15, 2001 the Clerk taxed costs in favor of PHS.

*Motion to Reconsider and Set Aside.*  Local Rule D.N.M.LR-Civ. 7.3(b)(1) provides that any post-judgment motion "must be filed and served on all parties . . .."  D.N.M.LR-Civ. 54.1 provides that "[a] motion to tax costs must be filed and served on each party . . .."  Apparently as a result of a misunderstanding of the local rules by counsel for Plaintiff, on March 12, 2001 Plaintiff mailed the original of her objections to PHS's cost bill to counsel for Defendant instead of filing

them directly with the Court.  The Clerk taxed costs without waiting the full time for Plaintiff's

objections to be filed.  They were due on March 19, 2001.  Counsel for Defendant was out of the

office when the objections arrived.  After returning, he faxed a letter to counsel for Plaintiff

explaining why he was returning the original of the objections.

Plaintiff's Motion To Reconsider requests that the Court set aside the award of costs to

Defendant and reconsider the award of costs in light of Plaintiff's objections.  Defendant PHS

opposes the motion to set aside because of Plaintiff's failure to comply with the Court's local

rules.  This Court's so-called "packet rule" frequently has caused confusion.  In many instances it

requires the movant to collect and file when complete the motion, response, and reply.  Counsel

for Plaintiff wrongly assumed the applicability of the packet rule in the case of this post-trial

motion for costs; Plaintiff should not be prejudiced by that confusion, which amounts to excusable

neglect.  In the interest of justice, I will grant the motion to set aside and reconsider the award of

costs in light of Plaintiff's objections.

*Objections to Cost Bill.*  Plaintiff objects to the motion to tax costs because it does not

comply with the statutory provision that requires a party to attach an affidavit that each "item is

correct and has been necessarily incurred in the case and that the services for which fees have been

charged were actually and necessarily performed."  28 U.S.C. §1924.  The Court's local rules also

require an affidavit "that the costs are allowable by law, correctly stated and necessary to the

litigation."  D.N.M.LR-Civ. 54.1.  In its cost bill, counsel for PHS states "[t]he undersigned hereby

affirms that the costs are correctly stated and were necessary."  This statement is not in the form of

an affidavit, and does not contain all the required assertions under the statute and local rule.

Attached to its reply is an affidavit by counsel for PHS that states:  "[t]he costs set forth in PHS'

2

Cost Bill . . . are correctly stated, were necessary to the litigation, and the services for which the

fees were charged were actually and necessarily incurred."  Def. Ex. A.  This affidavit contains all

required assertions except that the costs "are allowable by law."  I will not deny costs on the basis

that the affidavit was missing from the cost bill, or because of the lack of magic language in the

later-filed affidavit.

Plaintiff next objects to any award of costs because in its Memorandum Opinion and Order

granting summary judgment to PHS, the Court stated that "the Defendant's request for attorneys'

fees and costs is denied."  Doc. No. 67 at 11.  However, PHS did not ask for "costs" in connection

with its motion for summary judgment; it only requested an award of attorney's fees.[1]  It was not

the Court's intention to deny an award of costs to Defendant PHS by the quoted language in the

Memorandum Opinion and Order.

Turning to the merits of the allowability of costs, the costs requested by PHS are for 11

depositions, and for copies of videotapes of three of the depositions.  These costs total $3923.49.

Plaintiff objects to seven of the depositions because the Court struck appendices A, B and C of

Defendant's Reply Brief, and because these seven depositions were cited in the Reply Brief.

Plaintiff also objects to Defendant's request for reimbursement for videotapes because the

videotapes were not used in connection with the summary judgment motion.

The Court may tax costs for "[f]ees of the court reporter for all or any part of the

stenographic transcript necessarily obtained for use in the case;" 28 U.S.C. §1920(2).  Our local

rules provide that "[t]he reporter's charge for the original or a copy of a deposition transcript is

---

[1]  "Defendant PHS requests the Court to enter Summary Judgment in favor or (sic) PHS and against Plaintiff, dismissing Plaintiff's action, . . . with prejudice, for attorney's fees and for such other and further relief as may be proper.  Def. M/SJ, Doc. No. 50 at 2; Def. Mem. Brief., Doc. No. 51 at 23.

3

taxable when the deposition is reasonably necessary to the litigation."   D.N.M.LR-Civ. 54.2(b)(1).

"A deposition is reasonably necessary to the litigation when:  . . . (B) the deposition is used by the

Court in ruling on a motion for summary judgment; or (C) the Court so determines."   D.N.M.LR-

Civ. 54.2(b)(2).  The Court may not have cited each of the 11 depositions in ruling on the motion

for summary judgment, but portions of all 11 were included as exhibits to Defendant's motion for

summary judgment and/or to Plaintiff's response to the motion for summary judgment.  Just

because the Court struck Defendant's appendices A, B and C which referred to seven of the

depositions does not mean costs for these depositions should be disallowed.

The Court will, however, deny the request for reimbursement of the cost of the videotapes

of the three videotaped depositions.  There is no provision in the rules for an award of these costs.

This will reduce the costs awarded by $235.22.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider and Set Aside (Doc.

No. 71) is hereby GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Objections To Defendant's Cost Bill and

Motion To Tax Costs (Doc. 72) are hereby SUSTAINED IN PART and OVERRULED IN PART;

IT IS FURTHER ORDERED that Defendant shall recover its costs from Plaintiff in the

amount of $3688.27.

_____
CHIEF UNITED STATES DISTRICT JUDGE